## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Citadel Watford City Disposal Partners, L.P., *et al.*,[1] | Case No.: 15-11323 (KJC) |
| Debtors. | (Jointly Administered) |
| Citadel Watford City Disposal Partners, L.P., *et al.* | |
| Plaintiffs, | |
| v. | Adv. No. **Refer to Summons** |
| H2O Partners, L.P., | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Citadel Watford City Disposal Partners, L.P., *et al.* (collectively, the "Plaintiffs"), by and through their undersigned attorneys, file this complaint (the "Complaint") to avoid and recover transfers against H2O Partners, L.P. (the "Defendant"), and in support thereof allege upon information and belief that:

## NATURE OF THE CASE

1.     This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all fraudulent and preferential transfers made by Plaintiffs, for the benefit of the creditors of Plaintiffs' bankruptcy estates. Among other things, the Complaint seeks to recover certain preferential transfers of property made for or on

---

[1]     The Debtors and the last four digits of their respective tax identification numbers are: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266); Citadel Watford City Disposal Partners, LP (1520).   The mailing address for each Debtor is: c/o Gavin/Solmonese LLC, 919 N. Market St., Ste. 600, Wilmington, DE  19801.

account of an antecedent debt and to or for the benefit of Defendant by the Debtors during the ninety (90) day period prior to the filing of the Debtors' bankruptcy petitions, pursuant to 11 U.S.C. §§ 547 and 550.  The Complaint also seeks to recover, pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance and pursuant to 11 U.S.C. § 549 any transfers on account of pre-petition debt that cleared post-petition.  To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors' or the Debtors' chapter 11 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiffs' right to object to such Claims for any reason including, but not limited to 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiffs herein as further stated below.

## JURISDICTION

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware, Case No. 15-11323 (KJC), pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under sections 502, 547, 548, 549 and 550 of title 11 of the United States Code ("Bankruptcy Code").  This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

4.      Pursuant to Local Bankruptcy Rule 7008-1, Plaintiffs consent to the entry of final

orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL BACKGROUND**

6.      On June 19, 2015, the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.  On or about July 20, 2015, the United States Trustee appointed an official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases.

7.      On June 30, 2015, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b).  [Case No. 15-11322 (KJC), D.I. 22].  On September 22, 2015, the Court entered an Order Dismissing the Chapter 11 Case of Citadel Energy Holdings, LLC and Amending the Joint Administration Order [Case No. 15-11323 (KJC), D.I. 13].  Therefore, all docket entries referenced in this Motion that were entered prior to September 22, 2015 will refer to Case No. 15-11322 (KJC) and all docket entries entered September 22, 2015 or later will refer to Case No. 15-11323 (KJC).

**THE PARTIES**

8.      The Debtors provided a range of fluid management services to oil and gas producers, including the safe, controlled disposal of flowback and produced water.  The Debtors operated in the Bakken Shale region of North Dakota and Montana.  The Debtors' saltwater disposal facility ("Pembroke Facility") was available for saltwater and incidental non-hazardous

oil and gas waste disposal.  The Debtors also removed and sold the trace amount of oil that remains in the water disposed at the Pembroke Facility.

9.      Upon information and belief, at all relevant times, Defendant was a limited partnership formed and existing under the laws of the State of Delaware, who can be served via its registered agent,, c/o Trac - The Registered Agent Company, 800 N. State St., Ste. 402, Dover, DE 19901.

## FACTUAL BACKGROUND

10.      Prior to the Petition Date, the Debtors, as fluid management service providers to oil and gas producers, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received and/or delivered goods and services.

11.      As fluid management service providers to oil and gas producers, the Debtors regularly purchased goods from various entities including vendors, creditors, suppliers and distributors.  The Debtors, as fluid management service providers, also regularly paid for services used to facilitate their business.

12.      History, the Debtors utilized a largely centralized cash management system (the "Cash Management System") to collect and transfer funds from numerous sources and accounts and disburse funds to satisfy obligations arising from the daily operations of their businesses.  The Debtors used the Cash Management System to streamline the collection, transfer and disbursement of funds generated by the Debtors' business operations, and the Debtors accurately recorded in their books and records which entity had made such collections, transfers, and disbursements as they were made.  The Cash Management System consisted of an integrated network of bank accounts held at, *inter alia*, Wells Fargo (collectively, "Disbursement Accounts").

13.      During the twenty-four (24) months before the Petition Date, that is, between June

20, 2013 and June 19, 2015 ("Fraudulent Transfer Period"), including the ninety (90) days before

the Petition Date, that is, between March 21, 2015 and June 19, 2015 ("Preference Period,"

collectively with the Fraudulent Transfer Period, "Periods"), the Debtors continued to operate their

business affairs, including the transfer of property, either by checks, cashier checks, wire transfers,

ACH transfers, direct deposits or otherwise, to certain entities.

14.     Plaintiffs have completed an analysis of all readily available information and are

seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to

the Defendant within the applicable Period.

15.     Plaintiffs have determined that the Debtors transferred interests of the Debtors'

property to or for the benefit of Defendant during the Periods through payments aggregating to an

amount not less than $104,000.00 (the "Transfer" or "Transfers").  The details of each Transfer is

set forth on the Statement of Account, which is attached hereto and incorporated herein by

reference as Exhibit A.  Such details include the identity of the Debtor transferor, the identity of

the bank from which the Transfer was made, the last four digits of the account from which the

Transfer was made, the date on which the Transfer was made, and the amount of the Transfer.

16.     During the course of this proceeding, Plaintiffs may learn (through discovery or

otherwise) of additional Transfers made to Defendant during the Periods.  It is Plaintiffs' intention

to avoid and recover all Transfers made by the Debtors of an interest of the Debtors in property to

or for the benefit of Defendant or any other transferee.  Plaintiffs reserve their right to amend this

original Complaint to include: (i) further information regarding the Transfer(s); (ii) additional

Transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants;

and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, and/or 545)

(collectively, the "Amendments"), that may become known to Plaintiffs at any time during this

adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

17.     Plaintiffs acknowledge that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under section 547(g).

## CLAIMS FOR RELIEF
## COUNT I
### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

18.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

19.     Each Transfer was made to Defendant by the Debtor(s) identified on Exhibit A under the column heading "Entity."  Each Transfer included on Exhibit A was recorded in the Debtors' books and records.

20.     Each Transfer was paid from the Disbursement Accounts described *supra*.  *See* Exhibit A.

21.     Each Transfer constituted a transfer of an interest in property of the Debtors as identified on Exhibit A.

22.     During the Preference Period, Defendant was a creditor of one or more of the Debtors within the meaning of 11 U.S.C. § 101(10)(A) by virtue of supplying goods and/or services to the Debtors, for which the Debtors were obligated to pay following delivery.

23.     The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant.

24.     At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

25.     The Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date.  Plaintiffs are entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. § 547(f).

26.     Each Transfer was made during the Preference Period.  *See* <u>Exhibit A</u>.

27.     As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

28.     In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))

29.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

30.     Subject to proof, Plaintiffs plead in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such Transfers (the "<u>Potentially Constructive Fraudulent Transfers</u>"); and

A.     One or more of the Debtors were insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

B.     One or more of the Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with one or

more of the Debtors was an unreasonably small capital; or

C.      One or more of the Debtors intended to incur, or believed that one or more of the Debtors would incur, debts that would be beyond one or more of the Debtors' ability to pay as such debts matured.

31.     The Potentially Constructive Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (To Recover Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. § 549)

32.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

33.     Subject to proof, Plaintiffs plead in the alternative that to the extent one or more of the Debtors made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post-Petition Transfers") and are avoidable under 11 U.S.C. § 549.

## COUNT IV

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

34.     Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

35.     Plaintiffs are entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post-Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Constructive Fraudulent Transfers and any Post-Petition Transfers are collectively referred to herein as "All Avoided Transfer(s)."

36.     Defendant was the initial transferee of All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfer(s) were made.

37.     Pursuant to 11 U.S.C. § 550(a), Plaintiffs are entitled to recover from Defendant

All Avoided Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT V

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

38.    Plaintiffs incorporate all preceding paragraphs as if fully re-alleged herein.

39.    Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

40.    Defendant is a transferee of All Avoided Transfer(s) avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

41.    Defendant has not paid the amount of the All Avoided Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

42.    Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates must be disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

43.    Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to Plaintiffs an amount equal to the aggregate amount of All Avoided Transfers.

## RESERVATION OF RIGHTS

44.    The Debtors reserve the right to bring all other claims or causes of action that the Debtors might have against the Defendants, on any and all grounds, as allowed under law or equity. Nothing contained in this Complaint shall be construed as a waiver of the Debtors' right to object to any scheduled claim or any proof of claim filed by the Defendants.  Accordingly, Debtors reserves the right to object, on any and all grounds, to any scheduled claim or proof of claim asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Debtors request that this Honorable Court grant the following relief against Defendant:

As to Counts I through V, that the Court enter a judgment against Defendant:

A.      Finding that All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the amount of $104,000.00 be avoided;

B.      Finding that All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by the Debtors pursuant to 11 U.S.C. § 550;

C.      Entering judgment against Defendant in the amount of $104,000.00 (the "Judgment");

D.      Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E.      Disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

F.      Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

G.      Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

H.      Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiffs; and

I.      Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: December 12, 2016        **GELLERT SCALI BUSENKELL & BROWN, LLC**
          Wilmington, Delaware

                                */s/ Michael Busenkell*
                                Michael Busenkell (No. 3933)
                                Shannon Dougherty Humiston (No. 5740)
                                1201 N. Orange St.
                                Wilmington, Delaware 19801
                                Phone: (302) 425-5800
                                Facsimile: (302) 425-5814
                                Email: mbusenkell@gsbblaw.com
                                        shumiston@gsbblaw.com

                                *Counsel to the Debtors and Debtors-in-Possession*